in a certain sense contradictory. Fourth. The words seem to require that the penalty denounced by them shall contain two elements: 1st, that it be "five hundred dollars;" 2d, that it be "not less than double," &c. It would seem therefore, that the penalty can in no case be less than "five hundred dollars," for it would in that case lack one of the elements required. The only method of satisfying both apparent requisitions is to impose the penalty of "five hundred dollars" when double the amount of duties is less or is just equal to that sum, and when the amount of duties is greater than to adjudge the penalty for such amount of duties, that is, "not less" than that amount, and it will always be for five hundred dollars, that is, not less than that sum. Fifth. The words "not less" it seems to me, are not used to authorize the court to impose a higher penalty than double the amount of duties, but to prevent any penalty less than this from being inflicted.

I have thus endeavored to set forth my reasons for that construction of the statute which is here adopted. I am conscious that the task has been performed very imperfectly. Possibly the argument might be strengthened by a reference to the sixty-eighth and other sections of the statute, which peremptorily require the infliction of penalties, certainly not less than five hundred dollars for offenses involving far less moral guilt and far less danger of loss to the United States than the crime denounced by the forty-eighth section. And, possibly a reference to the forty-first section, which gives to the informer one-half of every penalty recovered, would not be unavailing, for it would seem that, if the informer is to get one-half, it is not only proper that the penalty should in all cases equal at least double the amount of duties attempted to be evaded, but that in this way only can the government escape loss, when the evasion has succeeded. But I do not care to pursue the discussion further. No amount of reasoning, I am conscious, can possibly make that plain which is intrinsically obscure. I do not say that the construction which I have adopted is the true one beyond all question; I only say it is the construction which seems to me to comport best with the language of the statute, and the only one which involves no apparent absurdity or contradiction. I drop the discussion all the more willingly, because, if it be admitted that I have all the discretion claimed by the counsel of the accused, I see no apology for the exercise of it, in this case, to his advantage. The accusee seems to be a man of at least ordinary intelligence. He certainly well understood the law which he violated. He laid and executed his plans with much deliberation and some cunning. All the barrels which contained the spirits found in his possession were marked with a false and counterfeit brand of a United States inspector, and not

an inconsiderable number of them was, for a time, concealed in the forest, remote from any habitation, and from any road or highway. I am satisfied he was engaged in the business of cheating and defrauding the government by concealing and selling spirits, marked with a counterfeit brand, and on which no duty had been paid; and the evidence leaves hardly room to doubt that he was confederated, in his fraudulent scheme, with distillers residing in his neighborhood whose names have not been disclosed, and that the whiskey, which it was proven on the trial he had in possession, for the alleged fraudulent purpose, is only a portion of what he so had. I repeat, then, that I see nothing in the circumstances of the case which should induce me, had I a discretion, to inflict on the accused a small penalty. On the contrary, I see much which impels me to impose the highest penalty the law will allow. If the highest penalty is not to be inflicted in such a case, it would be impossible to say in what case it should be imposed. Let judgment be rendered against the defendant for eleven thousand six hundred and sixteen dollars and the costs of this prosecution.

---

## Case No. 16,349.

### UNITED STATES v. SNOW.

[1 Cranch, C. C. 123.] [1]

Circuit Court, District of Columbia. June Term, 1803.

#### PERJURY—SENTENCE.

Upon a conviction of perjury, the court may inflict the punishment of fine, imprisonment, and pillory.

Indictment [against James Snow] for perjury on the trial of Gallowy. Verdict, "Guilty." Sentenced to pay a fine of $100, to be imprisoned six months, and to stand one hour in the pillory.

---

## Case No. 16,350.

### UNITED STATES v. SNOW.

[2 Flip. 1; 23 Int. Rev. Rec. 78; 15 Alb. Law J. 219; 2 Cin. Law Bul. 47.] [2]

Circuit Court, E. D. Tennessee. March 26, 1877.

#### FEES IN PENSION CASES.

To an indictment for retaining a greater sum than the statutory allowance for collecting a widow's pension, it is a good plea that the husband of the applicant, for whose services the pension was sought, was charged on the rolls of the war department as a deserter, and that it was agreed between defendant and the applicant that he should receive one-half of the first payment on account of the pension, less costs and expenses, for his services in causing such charge to be removed.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by William Searcy Flippin, Esq., and here reprinted by permission. 15 Alb. Law J. 219, contains only a partial report.]